UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TA'RON CLARK,

          Petitioner,

v.

MICHAEL CAPRA,

          Respondent.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

14 CV 2507 (VB)

Briccetti, J.:

    Pending before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated June 22, 2017 (Doc. # 31), on Ta'ron Clark's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    After a jury trial, petitioner was convicted in Orange County Court of assault in the first degree and criminal possession of a weapon in the third degree, arising from an incident in which petitioner chased after and stabbed the victim after the victim had attempted to steal drugs from petitioner. The court sentenced petitioner to an aggregate term of imprisonment of twenty years, followed by five years post-release supervision, and to pay $1,794.10 in restitution. The Appellate Division, Second Department, affirmed the conviction, People v. Clark, 100 A.D.3d 1013 (2d Dep't 2012), and leave to appeal to the Court of Appeals was denied. Petitioner also filed post-conviction motions, all of which were denied.

    Petitioner now contends his conviction and sentence were unlawful because (i) his conviction was against the weight of the evidence (Am. Pet. ¶ 14); (ii) the evidence at trial was legally insufficient to support his conviction (id.); (iii) the trial court erred in failing to instruct the jury regarding circumstantial evidence (Am. Pet. ¶ 15); (iv) he was deprived of due process and a fair trial due to improper remarks by the prosecution during summation (Am. Pet. ¶ 16); (v) his sentence was harsh and excessive (Am. Pet. ¶ 17); (vi) he is actually innocent (Am. Pet.

1

¶ 18); (vii) the prosecution failed to preserve crime scene photographs (Am. Pet. ¶ 19); and (viii) his trial counsel did not provide effective assistance.[1] (Am. Pet. ¶ 20).

Judge Smith recommended denying the petition.

The Court agrees with that recommendation. Accordingly, for the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

## DISCUSSION

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers

---

[1] Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for resolution of petitioner's objections.

2

liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act, when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

II. Objections

Petitioner filed objections to the R&R. (Doc. #32). Petitioner's submission concludes by stating he objects to the R&R in its entirety. Such a general objection only warrants review under the clear error standard. However, petitioner does raise specific objections to the R&R's conclusions regarding his claims concerning (i) the legal sufficiency of the evidence, (ii) actual innocence, (iii) the preservation of evidence, and (iv) ineffective assistance of counsel. For the most part, these objections merely reiterate petitioner's original arguments. Nevertheless, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R and the underlying record de novo as to any specific objection petitioner has made. Having done so, the Court finds no error, clear or otherwise, in Judge Smith's thorough and well-reasoned R&R.

In challenging Judge Smith's finding that the Appellate Division's determination regarding the sufficiency of the evidence was objectively reasonable, petitioner reiterates his

3

arguments that the victim, under the influence of drugs at the time of the incident, had given multiple conflicting statements, and the more sober eyewitness never identified petitioner as the assailant. These arguments, however, more readily speak to the weight of the evidence, and fail to address the facts in the record which Judge Smith correctly noted were sufficient to permit a rational juror to conclude petitioner was the victim's assailant. (R&R, at 13). Petitioner's resort to a police report never presented to the jury is similarly unavailing, as habeas relief based on the legal sufficiency of the evidence is limited to "the record evidence adduced at the trial," Jackson v. Virginia, 443 U.S. 307, 324 (1979), making the police report irrelevant to this determination. The legal insufficiency claim must be denied for the reasons set forth in the R&R.

Petitioner advances the same arguments he made regarding the sufficiency of the evidence in objecting to Judge Smith's recommendation that the Court deny his actual innocence claim. These arguments, however, ignore the fact that actual innocence is not "an independent constitutional claim, but [is] a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits" when a procedural bar is otherwise in place. Herrera v. Collins, 506 U.S. 390, 416 (1993). Assuming, arguendo, actual innocence can function as a freestanding claim for relief, petitioner does not "proffer new evidence that was not available at trial, a requirement of actual innocence." Brown v. Cunningham, 2015 WL 2405559, at *13 (S.D.N.Y. Apr. 22, 2015), report and recommendation adopted, 2015 WL 3536615 (S.D.N.Y. June 4, 2015). Moreover, even if there were no such requirement, petitioner has not met the extraordinarily high burden of proof of actual innocence identified by Judge Smith which is required in order to obtain relief. (R&R, at 18). The Court agrees the actual innocence claim must be denied for the reasons set forth in the R&R.

Regarding the failure to preserve evidence claim, petitioner objects to Judge Smith's

4

finding that the accidental deletion of crime scene photographs did not deprive him of due process. Petitioner cites <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), as support for this claim. However, unlike in <u>Brady</u>, the alleged defect "cannot be cured by ordering a new trial including the missing evidence." <u>United States v. Bakhtiar</u>, 994 F.2d 970, 975 (2d Cir. 1993). Thus, Judge Smith's analysis was proper because "a due process claim arising in these circumstances should be treated as a claim for loss or destruction of evidence rather than as a <u>Brady</u> claim." <u>United States v. Tyree</u>, 279 F. App'x 31, 33 (2d Cir. 2008) (unpub. opinion).[2] For the reasons set forth in the R&R, the Court agrees the failure to preserve evidence claim must be denied.

As to the ineffective assistance of counsel claim, although Judge Smith found wanting all five of petitioner's bases for such a claim, petitioner only objects to the magistrate judge's findings regarding three of them: (i) failure to request an investigator, (ii) failure to object to the loss of evidence, and (iii) failure to utilize a police report. Petitioner by and large reiterates his prior arguments, except that he abandons his position that counsel did not request an investigator and instead emphasizes that counsel failed properly to articulate the need for one. Regardless, Judge Smith's analysis of petitioner's claims of ineffective counsel, pursuant to the standard established by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), was founded on the correct findings that counsel either did request an investigator, or the photographs petitioner wanted an investigator to take would not have had the exculpatory effect petitioner attributes to them; counsel cannot be deemed ineffective for failing to preserve the meritless lost evidence claim; and the unutilized police report's probative value was severely limited by several factors, such as the fact that its accuracy was suspect, it placed petitioner at the scene of the incident, and counsel cross-examined the victim regarding other contradictory statements. (R&R, at 24-26, 31-33).

---

[2] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

5

For the reasons set forth in the R&R, the Court agrees the ineffective assistance of trial counsel claim must be denied.

As to petitioner's specific objections, and as to the petition as a whole, the Court finds no error, clear or otherwise, in Judge Smith's recommended ruling.

**CONCLUSION**

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to mail a copy of this Memorandum Opinion and Order to petitioner at the address on the docket.

Dated: October 17, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge